**Brian F. WILLIAMS, Plaintiff,**

v.

**SIMS BROS., INC., Defendant.**

**Case No. 3:11 CV 332.**

United States District Court,
N.D. Ohio,
Western Division.

June 7, 2012.

Danny L. Caudill, Robert J. Beggs, Gregory R. Mansell, Beggs Caudill, Columbus, OH, for Plaintiff.

Amy R. Ita, William A. Nolan, Barnes & Thornburg, Columbus, OH, for Defendant.

*AMENDED JUDGMENT ENTRY*

JACK ZOUHARY, District Judge.

This Order supplements the Judgment Entry filed on May 31, 2012 (Doc. 74), which entered a jury verdict for Plaintiff Brian Williams in the amount of $423,900 (Doc. 71). Specifically, the jury awarded $73,900 in economic damages (back pay) and $350,000 in compensatory damages (Doc. 71–1 at 3).[1]

While compensatory damages in discrimination cases, involving an employer the size of Defendant Sims, are subject to the federal statutory cap of $100,000, as set forth in 42 U.S.C. § 1981a(b)(3)(B), this disability discrimination case also involved a violation under state law. In Ohio, compensatory damages in discrimination actions under R.C. § 4112 are subject to a different statutory cap, as set forth in R.C. § 2315.18(B)(2):

> [T]he amount of compensatory damages that represents damages for noneconomic loss that is recoverable in a tort action under this section to recover damages for injury or loss to person or property shall not exceed the greater of [$250,-000] two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact . . . to a maximum of [$350,000] three hundred fifty thousand dollars. . . .

As an initial matter, this Court notes that actions brought under R.C. § 4112 are "tort actions" for purposes of the cap

---

1. The relevant statutes in this case cap only those compensatory damages that represent non-economic losses. Therefore, the term "compensatory damages," as used throughout this Opinion, refers only to damages for "non-economic" or "non-pecuniary" losses. *See* R.C. § 2315.18(B)(2) and 42 U.S.C. § 1981a(b)(3), respectively.

limits contained in R.C. § 2315.18. *See Geiger v. Pfizer, Inc.,* 2009 WL 1026479, *1 (S.D.Ohio 2009) (recognizing that "an action brought under [Section] 4112 is a 'tort action' " under Ohio law). Ohio courts reason that discrimination claims are tort actions because Ohio law defines such actions as "civil action[s] for damages for injury or loss to person or property." *See, e.g., Ridley v. Fed. Express,* 2004 WL 1119591, *12 (Ohio Ct.App.2004); *see also McCombs v. Meijer, Inc.,* 395 F.3d 346, 355 (6th Cir.2005) (applying standards under Section 2315 to a jury award under Section 4112); *McIntyre v. Advance Auto Parts,* 2007 WL 120645, *28 (N.D.Ohio 2007) (same). Therefore, the appropriate Ohio statute regarding compensatory damages in this case, and the one this Court applies, is R.C. § 2315.18.

Under that statute, Plaintiff's compensatory damages may not exceed the greater of $250,000 or an amount equal to three times the economic loss determined by the jury. Here, the jury awarded Plaintiff $73,900 in economic damages which, when multiplied by three, equals $221,700. Because $250,000 is greater than $221,700, Plaintiff is entitled to recover compensatory damages up to $250,000 under state law.

Plaintiff, however, argues he is entitled to the full $350,000 verdict. According to Plaintiff, the proper calculation is to apply the $100,000 federal cap first, and then the balance of the award, in this case $250,000, should be allocated to the state cap to the extent the balance does not exceed the state cap (Doc. 72 at 1). Essentially, Plaintiff contends his compensatory damages should only be limited by the sum of the two caps—$350,000—which, coincidentally, is the precise amount awarded by the jury.

As support, Plaintiff directs this Court to *Hall v. Consolidated Freightways Corp.,* 337 F.3d 669, 679–80 (6th Cir.2003),

where the Sixth Circuit held a plaintiff was entitled to the balance of a punitive damages award under state law in excess of the applicable federal cap. Plaintiff also cites cases from other jurisdictions reaching similar results. *See e.g., Gagliardo v. Connaught Labs.,* 311 F.3d 565, 571 (3rd Cir.2002); *Tamburo v. Ross/West View Emergency Med. Servs. Auth.,* 2007 WL 1175633, at *2–3, 2007 U.S. Dist. LEXIS 29355, at *6 (W.D.Pa.2007). Plaintiff contends this approach "respects the jury verdict" and avoids limiting state law remedies that permit greater recovery than allowed under federal law (Doc. 72 at 2).

Defendant disagrees with Plaintiff, arguing his approach would create a windfall that neither federal nor state law contemplates. Defendant also correctly notes that *Hall* involved a situation where the plaintiff was entitled to recover under the benefit of state law where, at the time, there was *no* state cap (Doc. 73 at 2). In *Hall,* the court held "where the jury was instructed in such a fashion sufficient to support punitive damage awards under both the federal as well as the state statute, [the plaintiff] should be entitled to the balance of the award in excess of the federal [ ] cap under state law." 337 F.3d at 679–80. *Hall* expressly recognized that punitive damages were not capped under applicable state law. *Id.* at 677. In other words, *Hall* stands for the proposition that a state law remedy must be permitted when it provides for a greater remedy than the federal statutory cap. Contrary to Plaintiff's belief, *Hall* does not support "stacking" two caps.

The other cases Plaintiff cites also do not support his position. Those cases involved issues regarding the federal cap alone, the allocation of damages between federal and state claims, and situations involving the interplay between a capped

federal claim and an *uncapped* state claim. *See e.g., Gagliardo,* 311 F.3d at 570. None of the cases involved the situation where, as here, a jury award was subject to different statutory caps under federal and state law. In fact, the only case that has addressed the issue is *Bradshaw v. School Bd. of Broward County,* 486 F.3d 1205 (11th Cir.2007), cited by both parties.

The plaintiff in *Bradshaw* was awarded $500,000 in compensatory damages following a jury trial. Because the applicable federal cap was $300,000 and the state cap was $100,000, the district court did what Plaintiff asks this Court to do—add the caps together. The district court thus reduced the $500,000 award to $400,000 to reflect the amount of the added caps. *Id.* at 1207–08. The Eleventh Circuit, however, reversed the district court ruling, holding the plaintiff was not entitled to "stacking." The Eleventh Circuit posed the following hypotheticals to explain the appropriate method for applying federal and state caps when they differ in amount:

> Say [the plaintiff] worked for a smaller employer, one with less than one hundred employees. Then she could recover only $50,000 of compensatory damages under [the applicable federal cap]. Florida's [cap] would not apply until the total judgment reached $100,000, so [the plaintiff's] $500,000 verdict would win her a $100,000 judgment ($50,000 under Title VII; $50,000 under the Florida [statute] ).
>
> What would happen to [the plaintiff's] total recovery if [the defendant] employed between 100 and 200 employees, raising the potential Title VII recovery to $100,000? Nothing. Because the state law [damages cap] applies to the entire judgment, the change only lets federal law eat up more of the limit. [The plaintiff] would still be entitled to a

$100,000 judgment (all of which could be assigned to Title VII, if that mattered). Id. at 1209 (citations omitted). This Court finds the opinion persuasive irrespective of which cap provides for greater recovery. A plaintiff is only entitled to recover the larger of the two caps.

In this case, the jury returned a single verdict for Plaintiff on both federal and state law discrimination claims. The two claims involved identical facts. Plaintiff is not entitled to double recovery, as the two claims involved the same conduct and were charged by a single legal standard (Doc. 68–1 at 9). *See Daugherty v. Sajar Plastics, Inc.,* 544 F.3d 696, 702 (6th Cir.2008) ("Ohio's disability discrimination law parallels the ADA in all relevant aspects [and] we apply the same analytical framework. . . .").

Congress determined that a plaintiff is entitled to only $100,000 in compensatory damages under Section 1981a(b)(3)(B). Congress also expressly prohibited limiting state remedies which provide greater protection to affected individuals. *See* 42 U.S.C. § 12201(b) ("Nothing in this chapter shall be construed to invalidate or limit the remedies . . . [under the] law of any State . . . that provides greater or equal protection for the rights of individuals with disabilities."). By allowing the recovery of up to $250,000 in compensatory damages, Ohio has provided greater protection than afforded under the ADA. However, neither Congress nor the Ohio legislature contemplated or authorized recovery in excess of $250,000.

By reducing the compensatory damages in this case to the maximum allowable under the state cap, this Court awards an amount that accurately reflects the greater recovery permitted under state law while at the same time avoiding a windfall award. Accordingly, the award of compensatory damages is reduced to $250,000

plus the back pay award of $73,900 for a total judgment in favor of Plaintiff in the amount of Three Hundred Twenty–Three Thousand, Nine Hundred Dollars ($323,-900).

IT IS SO ORDERED.